IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANNY JESTER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv81 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION REGARDING TRANSFER</u>

Petitioner Danny Jester, Jr., an inmate confined at the Gist State Jail, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

On October 14, 2005, in the 8th Judicial District Court of Delta County, Texas, petitioner was convicted of unlawful possession of a firearm by a felon. Petitioner was sentenced to ten (10) years imprisonment. Petitioner brings this petition attacking his conviction and sentence.

<u>The Motion to Transfer</u>

The respondent has filed a motion to transfer venue or alternatively for extension of time to answer. The respondent asserts that petitioner has two other petitions pending in the Sherman Division contesting different convictions; however, petitioner was convicted of all three offenses at the same time.

Further, the respondent asserts that the claims relating to each of these convictions are identical. Thus, the respondent requests that this petition be transferred to the Sherman Division.

Analysis

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Delta County which is located in the Sherman Division of the Eastern District of Texas. Thus, jurisdiction is proper in the Eastern District of Texas. While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.

Since petitioner complains of a conviction which occurred in the Sherman Division and all records and witnesses involving this action may be located in the Sherman Division, the transfer of this

action to such division would further justice.  Therefore, it is the opinion of the undersigned that the respondent's motion to transfer venue should be granted.  Accordingly, this petition should be transferred to the United States District Court for the Eastern District of Texas, Sherman Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

    **SIGNED** this __15__ day of __August_____, 2007.

                                            _____
                                            EARL S. HINES
                                            UNITED STATES MAGISTRATE JUDGE